## NISSEN v. APPLEBAUM.

.(Supreme Court, Appellate Term, First Department.  June 17, 1913.)

SALES (§ 261*)—BUSINESS—WARRANTY.

A representation by plaintiff, in negotiating for the sale of a business to defendant, that it would do about $1,000 worth of business per month, was not a warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 727–735; Dec. Dig. § 261.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by William Nissen against Bernard Applebaum.  Judgment for defendant on a counterclaim, and plaintiff appeals.  Reversed, and new trial granted.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

M. Spencer Bevins, of New York City, for appellant.
Paul Englander, of New York City, for respondent.

BIJUR, J.  Plaintiff sued for a balance due on the sale by him to defendant of a business which he had previously conducted. There are some indications in the record that defendant claimed that this balance, or the bulk thereof, had been paid by some collections made by the plaintiff; but that point need not now be considered.

Defendant's counterclaim is based on the allegation that plaintiff "warranted and represented said route to do a business of $1,000 a month."  Defendant testified:

"He [plaintiff] gave me a receipt that the business would bring about $1,000 a month—would do business about $1,000 a month."

He also testified, in answer to plaintiff's attorney's question:

"Q. You say, at the time you gave the $25, he gave you a receipt stating that the business does about $1,000? A. About $1,000."

There is no proof that the business was not then amounting to about $1,000 a month, and therefore no proof of a misrepresentation.  As proof of a warranty, the evidence is totally insufficient; nor is it conceivable that plaintiff would or could warrant that a business to be conducted by another person should yield any particular sum a month.

Finally, the proof of damage is insufficient to sustain the amount ($270) awarded.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes